CURTISS-BRIGHT RANCH COMPANY, A CORPORATION, *Plaintiff in Error*, v. CAMERON & BARKLEY COMPANY, A CORPORATION, *Defendant in Error*.

### Division B.

### Opinion Filed November 6, 1924.

Where an article of personal property was ordered and delivered and the seller was not within a reasonable time, notified of the rejection of the article, but the buyer allowed it to remain where delivered until it became practically worthless, the buyer is liable for the value of the article; and a charge that the buyer sh'ould have "immediately" notified the seller of the rejection. of the article, is harmless error when the evidence shows liability of the buyer.

A Writ of Error to the Circuit Court for Dade County, Mitchell D. Price, Judge.

Affirmed.

*Burdine & Barco,* for Plaintiff in Error.

*E. B. Kurtz,* for Defendant in Error.

PER CURIAM.—In an action of assumpsit the plaintiff recovered judgment for an article called a water softener. On Writ of Error the defendant contends that it did not order the article and that there was no acceptance by it of the article. It appears that an authorized agent of the defendant ordered an article of that nature for the defendant, using the name under which the defendant ordered goods for its own purposes, and that the delivery of the article was receipted for by the agent of the defendant, and plaintiff was not duly or within a reasonable time notified of a rejection of the article, but as a substitute for accep-

tance the defendant unreasonably allowed the article to remain where it was delivered until it was practically worthless to the plaintiff. This being the legal effect of the testimony, liability of the defendant appears and the charge of the court that the defendant should have *"immediately"* notified the plaintiff that it would not accept the article was harmless, since the verdict of the jury cured the error in the charge.

This applies to other alleged errors in the proceedings. Affirmed.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.